JACK CARTER, Justice,
dissenting.
I agree that error was committed in allowing the introduction of evidence of an extraneous offense. The testimony of Higginbotham’s previous unfulfilled contract with York did not establish, beyond a reasonable doubt, that an offense was committed by Higginbotham. This is a finding that the evidence is insufficient as a matter of law. Therefore, no fact issue exists for jury consideration on that issue.
On the question of whether this error affects a substantial right of the defendant, the majority opinion recognizes that the nature of the erroneously admitted evidence favors a finding of harm. (“By its very nature, an improperly admitted extraneous offense tends to be harmful.”) But the majority opinion rejects that conclusion based on other factors which “overwhelmingly” favor a finding that the error did not result in harm. I disagree. The majority notes that the evidence only took twenty-one pages of 300, that York’s testimony was confusing and contradictory, and that the trial court instructed the jury not to consider the extraneous offense evidence unless the jury found, beyond a reasonable doubt, that Higginbotham committed the offense. None of these reasons are persuasive.
The quantity of the evidence on an extraneous offense was indeed meager, but the more important issue is the effect it had on a jury when it was considering a very similar offense. The fact that York’s testimony regarding the previous offense was confusing and contradictory suggests that it was legally insufficient to prove the extraneous offense; I fail to see how presenting this improper evidence reduces the chance that it was harmful. Finally, the fact that the trial court instructed the jury to consider the extraneous evidence only if it found beyond a reasonable doubt that Higginbotham committed the offense does not alleviate the harm. In essence, the majority opinion authorizes the impossible: the jury is allowed to find, beyond a reasonable doubt, Higginbotham committed the extraneous offense based on evidence that is legally insufficient.
It cannot logically be true that the evidence was not harmful because: (1) it was contradictory and confusing and therefore innocuous, and also, (2) perhaps the jury found this legally insufficient evidence met the reasonable doubt standard. The majority opinion finds “fair assurance” the error did not influence the jury. For the reasons stated, I disagree.
I respectfully dissent.